```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
United Spinal Association et al.,

                Plaintiffs,

        v.                              10-CV-5653 (DAB)
                                        ADOPTION OF REPORT
                                          & RECOMMENDATION

Board of Elections in the City of
New York et al.,


                Defendants.
--------------------------------------X
```
**DEBORAH A. BATTS, United States District Judge.**

This matter is before the Court upon the October 11, 2017 Report and Recommendation of United States Magistrate Judge Henry Pitman ("Report"). Judge Pitman's Report recommends that the Court deny Plaintiffs' Motion to join the New York City Department of Education ("DOE") as a Defendant in this case and direct the DOE under the All Writs Act, 28 U.S.C. § 1651, to: (1) permanently resolve accessibility barriers in specified public schools, and (2) provide training for and/or institute disciplinary action against DOE employees who interfere with efforts to make polling sites in DOE facilities accessible on election days. (Report at 1-2).

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], any party may serve and file written

objections to such proposed findings and recommendations. . . ." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2). The District Court may adopt those portions of the Report to which no timely objection has been made, so long as there is no clear error on the face of the record. See 28 U.S.C. § 636(b)(1)(A); Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

No Party filed an objection to Judge Pitman's Report. Thus, the Court reviews the Report and Recommendation for clear error.

This Court is mindful of the practical and bureaucratic challenges Plaintiffs may face in securing accessible voting locations and gaining the Board of Election's compliance with this Court's remedial Orders. Yet as Judge Pitman notes in his Report, "the DOE's right to be hard is of equal significance. Plaintiffs' motion seeks to require the DOE to expend millions of taxpayer dollars to implement remedies that this Court has never even ordered -- all without the DOE having the opportunity even to address [them.]" (Report at 27). Plaintiffs could have named the DOE as a Party from the beginning of this action. Yet binding them now to a remedial Order which they played no role in negotiating or investigating is not the type of remedy the All Writs Act seeks to redress. (Id. at 28; see also Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985) ("Although [the All Writs] Act empowers federal courts to

fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance . . . appears inconvenient or less appropriate.")).

Having reviewed the Report and Recommendation and finding no clear error on the face of the record, it is hereby ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Henry Pitman dated October 11, 2017 be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

2. Pursuant to Magistrate Judge Pitman's recommendation, Plaintiffs' Motion to join the DOE as a Defendant and direct them to permanently resolve accessibility barriers in specified public schools, and institute disciplinary action against DOE employees who interfere with efforts to make polling sites more accessible is DENIED.

The Clerk of Court shall close docket number 182.
SO ORDERED.
DATED: New York, NY
       March 27, 2018

_Deborah A. Batts_
Deborah A. Batts
United States District Judge