UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| UNITED SPINAL ASSOCIATION, a nonprofit organization, DISABLED IN ACTION, a nonprofit organization,<br><br>Plaintiffs,<br><br>- against -<br><br>BOARD OF ELECTIONS IN THE CITY OF NEW YORK and FREDERIC M. UMANE, in his official capacity as President of the Board of Elections in the City of New York,<br><br>Defendants. | **STIPULATION OF SETTLEMENT OF PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND COSTS**<br><br>10-CV-5653 |

------------------------------------------------------------------------ x

**WHEREAS,** by Complaint dated July 26, 2010, (the "Complaint"), plaintiffs United Spinal Association and Disabled In Action (together, "Plaintiffs"), commenced this action alleging that defendants the Board of Elections in the City of New York and the President of the Board of Elections (together, "Defendants") were in violation of the Americans with Disabilities Act and the Rehabilitation Act by failing to provide fully accessible poll sites to persons registered to vote within the City of New York;

**WHEREAS,** this Court granted judgment in favor of Plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure;

**WHEREAS,** said judgment was sustained on appeal to the United States Court of Appeals for the Second Judicial Circuit;

**WHEREAS**, the remedial order provided a role for Plaintiffs post-judgment that included monitoring the third-party expert surveys and their implementation;

**WHEREAS**, Plaintiffs now seek to recover attorneys' fees and costs for their post-judgment activities;

WHEREAS, by Order dated January 10, 2020 (Dkt. No. 213), the Court's jurisdiction over this matter was terminated effective December 31, 2019, following a joint application by the parties as a result of the Defendants satisfying their obligations under the Court's prior orders;

**WHEREAS**, the parties and their respective counsel wish to resolve Plaintiffs' claim for attorneys' fees and costs for the post-judgment period from January 1, 2017 to December 31, 2019, without further proceedings;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The City of New York hereby agrees to pay Plaintiffs, within ninety (90) days of the later of the filing of this Stipulation or Defendants' receipt of the releases referred to herein, the sum of $150,000, by check made payable to Disability Rights Advocates, one of the attorneys for Plaintiffs, in full and final satisfaction of all monetary claims that were or could have been raised in this action, including claims for costs, expenses and attorney fees.

2. In consideration for payment of these sums and other good and valuable consideration described herein, Plaintiffs and their counsel agree to release Defendants, their successors and/or assigns, and all present or former officials, employees, representatives, and/or agents of the Board of Elections in the City of New York, and the City of New York (collectively, the "Released Parties"), from any and all claims, liabilities, and causes of action that were or could have been asserted by Plaintiffs and/or their counsel against any of the

Released Parties arising out of or related to the events and/or occurrences alleged in the complaint in this action, including all claims for attorney's fees, expenses, and costs.

3. In the event that any taxing authority or a court determines that the payment set forth in paragraph "1" herein made to Plaintiffs or their counsel by the City of New York and/or the Board of Elections in the City of New York is subject to personal income tax, any taxes, interest, or penalties owed by Plaintiffs, such tax, interest, and/or penalties shall be the sole responsibility of Plaintiffs and/or Disability Rights Advocates.

4. All claims for attorney's fees, expenses, and costs remains with Plaintiffs and has not otherwise been assigned and/or transferred. Plaintiffs shall execute and deliver to Defendants' attorney all documents necessary to effect this settlement, including, without limitation, releases based on the terms of paragraph 3 above, being substantially in the forms annexed hereto as Exhibit A. The payment set forth above is subject to and conditioned on delivery of such documents to Defendants' undersigned attorneys.

5. Plaintiffs will have the sole responsibility to satisfy any lien or claim, whether known or unknown, asserted against the settlement proceeds or arising from the settlement. If any lien, claim, or action is brought against any Defendant arising from the settlement or asserted against the settlement proceeds, Plaintiffs will defend, indemnify, and hold harmless all Defendants and the related entities, agents, servants, faculty, trustees, and employees of each of them.

6. Nothing contained herein shall be deemed to be an admission by the Defendants that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws

of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Plaintiffs make no claim of or for vicarious liability against any other party, whether named or unnamed, for any acts or omissions of the Defendants or their related entities, agents, servants, faculty, and employees alleged in the Complaint. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York and/or the Board of Elections in the City of New York.


8. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

8. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York  
February 25, 2021

**DISABILITY RIGHTS ADVOCATES**  
Attorney for Plaintiffs  
655 Third Avenue, 14th Floor  
New York, New York 10017  
(212) 644-8644

By: *A. Kozak-Oxnard*  
 Andrea Kozak-Oxnard  
 Christina Brandt-Young

New York, New York  
March 2, 2021

**JAMES E. JOHNSON**  
Corporation Counsel of the  
 City of New York  
Attorney for Defendants  
100 Church Street, Room 2-126  
New York, N.Y. 10007  
(212) 356-2087

By: *[signature]*  
 Stephen Kitzinger  
 Assistant Corporation Counsel

**CUTI HECKER WANG LLP**
Attorney for Plaintiffs
305 Broadway
New York, New York  10007
(212) 620-2600

By: *Mariann Wang*
Mariann Meier Wang

**THE LAW OFFICE OF**
**KEVIN MINTZER, P.C.**
Attorney for Plaintiffs
1350 Broadway
Suite 1400
New York, New York  10018
(646) 843-8180

By: *Kevin Mintzer*
Kevin Mintzer

**UNITED SPINAL ASSOCIATION**

By: *James Weisman* (Digitally signed by James Weisman, DN: cn=James Weisman, o=United Spinal Association, ou, email=jweisman@unitedspinal.org, c=US, Date: 2021.02.24 16:18:56 -05'00')
James Weisman
General Counsel

**DISABLED IN ACTION**

By: _____
Jean Ryan
President

**CUTI HECKER WANG LLP**
Attorney for Plaintiffs
305 Broadway
New York, New York 10007
(212) 620-2600

By: /s/ Mariann Wang
        Mariann Meier Wang

**THE LAW OFFICE OF
KEVIN MINTZER, P.C.**
Attorney for Plaintiffs
1350 Broadway
Suite 1400
New York, New York 10018
(646) 843-8180

By: /s/ Kevin Mintzer
        Kevin Mintzer

**UNITED SPINAL ASSOCIATION**

By: _____
        James Weisman
        General Counsel

**DISABLED IN ACTION**

By: /s/ Jean Ryan
        Jean Ryan
        President

6